# IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CONTIXO INC., PROEXPRESS DISTRIBUTOR LLC, MTM TRADING LLC, TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, TCT MOBILE LIMITED, TCT MOBILE (US), INC., and VISUAL LAND INC.,<br><br>    Defendants. | Case No. 6:16-cv-1220<br><br>**PATENT CASE**<br><br>**Jury Trial Demanded** |

## VISUAL LAND INC.'S MOTION TO DISMISS FOR IMPROPER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Fed. R. Civ. P. 12(b)(3), § 1406(a), and the U.S. Supreme Court's recent decision in *In re TC Heartland LLC*, No. 16-341, 2017 WL 2216934 (U.S. May 22, 2017), Defendant Visual Land Inc. ("Visual Land") hereby respectfully moves this Court to dismiss the above-captioned matter against Visual Land due to improper venue. In support of this Motion, Visual Land shows the Court as follows:

**I.      The Law Concerning Venue**

The venue statute governing this action, 28 U.S.C. § 1400(b), prescribes, "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Recent binding jurisprudence has clarified the first prong of the § 1400 (b) analysis. To wit, on May 22, 2017, the Supreme Court of the United States reversed the Federal Circuit's ruling and held that "[a]s applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only

1

to the State of incorporation." *TC Heartland*, 2017 WL 2216934, at *8. As to the second prong of Section 1400(b), a domestic corporation has a "regular and established place of business" in a district only when it does business in that district through a "permanent and continuous" presence there. *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

**II.     Venue is Improper in the Eastern District of Texas.**

On its face, the Blue Spike, LLC's ("Blue Spike") Original Complaint for Patent Infringement (Dkt. No. 1) (the "Complaint") acknowledges that Visual Land is incorporated in California, and that Visual Land's principal place of business is also in California. The Complaint is also bereft of any allegations that Visual Land has now, or has ever had, a "permanent and continuous" business location in the Eastern District of Texas. At most, Blue Spike alleges that Visual Land placed accused products into the stream of commerce, where they may be sold to Texas customers by third party retailers or via Visual Land's website. *See* Complaint ¶¶ 26-27. And, in fact, Visual Land does not have and has never had any regular and established place of business in the Eastern District of Texas. But a corporation does not have a "regular and established place of business" in a district merely because it conducts business there. *See Magnetic Products, Inc. v. Trestain*, C.A. No. 06-10443, 2006 WL 1109250, at *3 (E.D. Mich. Apr. 24, 2006); *Hsin Ten Enter. USA, Inc. v. Clark Enterprises*, 138 F. Supp. 2d 449, 461 (S.D.N.Y. 2000). Consequently, the Eastern District of Texas is not a proper venue because Blue Spike's Complaint contains no allegations that Visual Land had any connection to Texas.

Moreover, this request is appropriate and timely in light of a significant change in the law. And the Supreme Court's *TC Heartland* decision applies retroactively to this case, because when that court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct

review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97, (1993). In addition, this case is in its earliest stages, no documents have been exchanged, no depositions have been taken, and no substantive proceedings have taken place; therefore, judicial economy will not be disserved by dismissal.

### III. Conclusion

For the reasons set forth herein, Visual Land respectfully requests that the Court dismiss Blue Spike's Complaint on the basis that venue is improper in this district.

Dated: May 26, 2017

Respectfully submitted,

HILGERS GRABEN PLLC

By: */s/ Andrew R. Graben*
Andrew R. Graben (*Lead Attorney*)
Texas State Bar No. 24045964
HILGERS GRABEN PLLC
2101 Cedar Springs Road, Suite 1050
Dallas, TX 75201
Telephone: 214-842-6828
Facsimile: 877-437-5755
agraben@hilgersgraben.com

Michael T. Hilgers
Texas State Bar No. 24050761
HILGERS GRABEN PLLC
14301 FNB Parkway, Suite 100
Omaha, NE 68154
Telephone: 402-218-2106
Facsimile: 877-437-5755
mhilgers@hilgersgraben.com

**Attorneys for Defendant Visual Land Inc.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via the Court's ECF system on May 26, 2017, upon counsel of record for Blue Spike.

                                        */s/ Andrew R. Graben*
                                        Andrew R. Graben