BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re Blue Spike, LLC<br>Patent Litigation | § § § § § § § § § § § | MDL-_____ |

**MOTION OF PLAINTIFF FOR TRANSFER OF ACTIONS TO THE EASTERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of the Judicial Panel on Multidistrict Litigation (the "Panel"), Blue Spike LLC ("Blue Spike") (Movant) respectfully requests transfer and coordination for pretrial purposes all currently filed patent infringement cases identified in the Schedule of Actions, as well as any cases subsequently filed involving similar facts or claims ("tag along cases") to the District Court for the Eastern District of Texas, Tyler Division. There are currently fourteen (14) filed cases pending in three (3) federal jurisdictions.

In support of this Motion, Movant states the following, as more fully explained in the accompanying Memorandum of Law:

1.  Pursuant to 28 U.S.C. § 1407, "when civil actions involving one or more common questions of fact are pending in different districts," the Judicial Panel on Multidistrict Litigation may transfer the actions "to any district court

1

for coordinated or consolidated pretrial proceedings" if the Panel determines a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of [the] actions."

2. This Motion seeks transfer and consolidation of twelve (12) related actions for patent infringement filed by Blue Spike against twenty (20) defendants in the United States District Court for the Eastern District of Texas ("the Texas Actions") and two (2) related actions for patent infringement filed by Blue Spike against one (1) defendant in the United States District Court for the District of Delaware ("the Delaware Action") and one (1) in the Central District of California ("the C.D. Cal. Action") (collectively, the "Blue Spike Actions").

3. Movant is the plaintiff in the following cases:

   a. The Eastern District of Texas Actions

   - *Blue Spike, LLC v. Toshiba America, Inc. & Toshiba Corp.*, 6:16-cv-00053-RWS-KNM (E.D. Tex.);
   - *Blue Spike, LLC v. Contixo Inc. et al.*, 6:16-cv-01220-RWS-JDL (E.D. Tex.);
   - *Blue Spike, LLC v. Toshiba America, Inc. et al.*, 6:16-cv-430-JDL (E.D. Tex.);
   - *Blue Spike, LLC v. Juniper Networks, Inc.*, 6:17-cv-00016-RWS-KNM (E.D. Tex.);
   - *Blue Spike, LLC v. LeMall Corp. & LeEco Group*, 6:17-cv-00063-RWS-KNM (E.D. Tex.);
   - *Blue Spike, LLC v. NVIDIA Corp.*, 6:17-cv-00096-RWS-KNM (E.D. Tex.);
   - *Blue Spike, LLC v. Razer USA Ltd.*, 6:17-cv-00099-RWS (E.D. Tex.);
   - *Blue Spike, LLC v. Skystream Technologies, LLC,* 6:17-cv-00101-RWS (E.D. Tex.);
   - *Blue Spike, LLC v. MarkAny, Inc.*, 6:17-cv-0138-RWS (E.D. Tex.);

- *Blue Spike, LLC v. Caterpillar, Inc., Nook Digital, LLC, et al.*, 6:16-cv-01361-RWS-JDL;
- *Blue Spike, LLC v. Barnes & Noble, Inc., et al.*, 6:17-cv-00175-JRG;
- *Blue Spike, LLC v. Verimatrix*, 2:16-cv-329-RWS (E.D. Tex.).[1]

b. The Delaware Action

- *Blue Spike, LLC v. Roku, Inc.*, 1:17-cv-928 (D. Del.), and

c. The Central District of California Action

- *Blue Spike, LLC v. VIZIO, Inc.*, 8:17-cv-01172 (D. Del.).

4.  The Blue Spike Actions entail significant overlap regarding the patents and claims of infringement involved. As a result, the Blue Spike Actions present numerous common issues of fact.

5.  Centralization will aid in preventing duplicative discovery and inconsistent pretrial rulings as well as promote judicial efficiency.

6.  Further, with claim construction having already occurred in two of the actions, centralization will promote consistency regarding these constructions.

7.  Movant requests that these cases be centralized in the Eastern District of Texas, Tyler Division, before Judge Robert W. Schroeder.

---

[1] Media Science Incorporated ("MSI") is the sole remaining defendant in *Blue Spike v. Verimatrix*. The parties have completed claim construction and an order was issued on July 6, 2017 construing the disputed claims from six (6) Blue Spike Patents. The E.D. Texas Court also granted MSI's motion to transfer pursuant to Section 1404(a) on the same day. But the Court delayed transfer under Section 1404(a) until July 26. Blue Spike is not opposing the MSI transfer ruling with this present motion to transfer under Section 1407. However, Blue Spike believes judicial economy will be promoted by delaying MSI's transfer until trial through multidistrict litigation in E.D. Texas pursuant to Section 1407.

8. Judge Schroeder already presides over ten (10) of the fourteen (14) Blue Spike Actions. Additionally, Judge Schroeder has already conducted a *Markman* hearing in *Blue Spike, LLC v. Verimatrix.*

9. Judge Schroeder'a extensive experience in handling complex patent litigation cases, along with his experience with Multidistrict Litigation cases, make him an ideal candidate for overseeing the pretrial process.

10. Finally, judicial efficiency will be further promoted by the choice of the Eastern District of Texas for centralization due to the rapidly shrinking number of pending patent litigation in the district.

WHEREFORE Movant respectfully requests that the actions noted on the accompanying Schedule of Actions be transferred to the Eastern District of Texas, Tyler Division for consolidation and coordinated proceedings.

Dated: July 11, 2017

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  California Bar No. 231821
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  California Bar No. 232473
  Texas Bar No. 24059967
  chonea@ghiplaw.com

Kirk J. Anderson
  California Bar No. 289043
GARTEISER HONEA, P.C.
119 W Ferguson St
Tyler, Texas 75702
(888) 908-4400 tel/fax

*Counsel for Blue Spike, LLC*

## Certificate of Service

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this date stamped above.

                                                                         /s/ Randall Garteiser