IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | NO. 6:16-cv-1220-JDL |
| v. | § | |
| | § | PATENT CASE |
| CONTIXO INC., VISUAL LAND INC., | § | |
| et al. | § | JURY TRIAL DEMANDED |
| | § | |

### MEMORANDUM OPINION AND ORDER

Both Plaintiff Blue Spike and Defendant Visual Land have consented to proceed before the undersigned for all proceedings in this case.  (*See* Doc. No. 39.)  However, the Court inadvertently issued a Report and Recommendation on Visual Land's Motion to Dismiss for Improper Venue.  (Doc. No. 47.)  By this Order, the Court **WITHDRAWS** the Report and Recommendation (Doc. No. 47) and replaces it with this Memorandum Opinion and Order.

Before the Court is Defendant Visual Land, Inc.'s ("Visual Land") Motion to Dismiss for Improper Venue.  (Doc. No. 34.)  Blue Spike, LLC ("Blue Spike") has filed a Response (Doc. No. 37), Visual Land has filed a Reply (Doc. No. 40) and Blue Spike has filed a Sur-Reply (Doc. No. 43).[1]

On October 11, 2016, Blue Spike filed the above-captioned action against Visual Land and a number of other defendants for patent infringement.  (Doc. No. 1.)  By February 23, 2017, Blue Spike had voluntarily dismissed all of the defendants in the case except for Visual Land.  (*See* Doc. Nos. 7, 12.)  On April 19, 2017, Visual Land filed its Answer to Blue Spike's

---

[1] Blue Spike missed the deadlines to file both its Response brief and Sur-Reply brief, such that each document was submitted a day late.  Visual Land did not object to Blue Spike's late filings.  However, in the interests of justice and adherence to the Local Rules of this District, the Court declines to consider Blue Spike's Sur-Reply in its analysis.

Complaint. (Doc. No. 16.) In responding to Blue Spike's allegation that venue is proper in this District, Visual Land's Answer admits that Visual Land does business in the State of Texas, but "Visual Land denies the remaining allegations" with respect to venue. (*Id.* at 5, ¶27.) Visual Land also filed a Counterclaim in the same document as its Answer. (*See id.*) Visual Land's Counterclaim states, "[b]ased solely on Blue Spike's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400." (*Id.* at 14, ¶6.) The Court proceeded to hold a scheduling conference in this matter and entered a Docket Control Order on May 17, 2017. (Doc. Nos. 26, 32.) Days later, on May 22, 2017, the Supreme Court issued its opinion in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514 (2017), reaffirming its holding in *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957) that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." On May 26, 2017, Visual Land filed the now-pending Motion to Dismiss for Improper Venue. (Doc. No. 34.)

Under § 1400(b), venue is only proper (1) in the district in which the defendant resides or (2) in a district where the defendant has committed acts of infringement and has a regular and established place of business. "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the venue statute." *TC Heartland*, 137 S.Ct. at 1517. With respect to whether a defendant has a regular and established place of business, courts seek to discern "whether the corporate defendant does its business in that district through a permanent and continuous presence." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

Visual Land asserts that it is incorporated in California. (Doc. No. 34, at 2.) Visual Land argues that the Complaint is also "bereft of any allegations that Visual Land has now, or has ever had, a 'permanent and continuous' business location in the Eastern District of Texas." (*Id.*)

Visual Land further argues that, "in fact, Visual Land does not have and never had any regular and established place of business in the Eastern District of Texas." (*Id.*)

Blue Spike does not respond to Visual Land's substantive assertions regarding venue, but rather argues that Visual Land waived its improper venue defense by virtue of the assertion in its Counterclaim that "venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400." (Doc. No. 37, at 1–2 (citing Doc. No. 16, at 14, ¶6).) Blue Spike also argues that Visual Land waived its improper venue defense because it did not include it as one of its affirmative defenses. (*Id.* at 2 (citing Fed.R.Civ.P. 12).) Blue Spike argues that it has spent "significant resources" litigating this action and that it would be "financially prejudicial" to grant Visual Land's Motion. (*Id.* at 4.) Blue Spike also argues that it intends to imminently file a request for Multi-District Litigation, with all pre-trial matters to be handled by the Eastern District of Texas, such that dismissing this matter and requiring Blue Spike to re-plead in another judicial district would be a waste of judicial resources. (*Id.*)

Blue Spike's argument that Visual Land waived its improper venue defense by virtue of its Counterclaim is unpersuasive. Visual Land's Counterclaim states, "***[b]ased solely on Blue Spike's filing of this action***, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400." (*Id.* at 14, ¶6 (emphasis added).) In other words, Visual Land's Counterclaim is premised on Blue Spike's contacts with the forum. Both the Federal Circuit and Fifth Circuit have recognized that, other waiver issues aside, filing a counterclaim does not operate to waive a party's objections to personal jurisdiction. *Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1307 (Fed. Cir. 2005) ("filing a counterclaim, compulsory or permissive, cannot waive a party's objections to personal jurisdiction, so long as the requirements of Rule 12(h)(1) are satisfied."); *Bayou Steel Corp. v. M/V Amstelvoorn*, 809

F.2d 1147, 1149 (5th Cir. 1987) ("the filing of a counterclaim, cross-claim, or third-party demand does not operate as a waiver of an objection to jurisdiction, whether that objection is raised by motion or answer, provided that the objection is not otherwise waived in the course of the litigation."). The Court sees no basis to depart from these holdings when it comes to venue, particularly where a party has otherwise preserved its venue objection. *See Zichichi v. Jefferson Ambulatory Surgery Ctr., LLC*, No. CIV.A. 07-2774, 2007 WL 3353304, at *3 (E.D. La. Nov. 7, 2007) (citing *Bayou Steel*, 809 F.2d at 1149) (defendant did not waive Rule 12(b) jurisdictional defenses, including venue, by filing a counterclaim where defendant also raised venue challenge in answer); c*f. Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-cv-190-JRG, 2017 WL 2957882, at *2 (E.D. Tex. Jul. 11, 2017) (relying on *Rates Technology*, a case regarding personal jurisdiction, to find that Federal Circuit law should control whether an objection to venue based on § 1400(b) has been waived). Blue Spike chose to file a lawsuit in this district. Visual Land, in keeping with the Federal Rules of Civil Procedure, chose to respond to that lawsuit by filing an answer as well as counterclaims. As long as Visual Land otherwise preserved its improper venue defense, its counterclaims—directed at Blue Spike's conduct and connections with the forum—do not create a waiver.

Visual Land does not respond to Blue Spike's argument that Visual Land's failure to assert an affirmative defense of improper venue in its Answer constitutes a waiver. On the other hand, Blue Spike does not cite any cases for the proposition that an objection to venue in an answer must be styled as an affirmative defense. Rule 8(e) mandates that "[p]leadings must be construed so as to do justice." Fed.R.Civ.P. 8(e). In the instant case, finding that Visual Land waived an objection to venue by failing to plead it as an affirmative defense would improperly elevate form over substance. *Cf.* 5A Wright & Miller, *Federal Practice & Procedure* § 1347, at

186 (1990) ("In accordance with the basic philosophy of the federal rules, the substance of a defense ... rather than its form will control the court's treatment of a Rule 12(b) ... responsive pleading."). Blue Spike's Complaint stated:

> 27.   Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Visual Land does business in the State of Texas, Visual Land has committed acts of infringement in Texas and in the District, a substantial part of the events or omissions giving rise to Blue Spike's claims happened in the District, and Visual Land is subject to personal jurisdiction in the District.

(Doc. No. 1.) Visual Land responded to this paragraph by stating: "Visual Land admits that it does business in the state of Texas. Visual Land denies the remaining allegations set forth in Paragraph 27 of the Complaint." (Doc. No. 16, ¶27.) Visual Land filed its Motion to Dismiss for Improper Venue just five weeks later. (Doc. No. 34.) While it is true that Visual Land could have set forth a more specific objection to venue as improper under § 1400(b) in its Answer, Visual Land preserved a general objection to venue and timely file its motion for improper venue in the weeks that followed. In the interim, beyond participating in a scheduling conference and ongoing fact discovery, the Court and the parties have not engaged in extensive litigation conduct. Thus, because Visual Land denied venue in its answer and timely filed its first Rule 12(b) motion for improper venue before the parties had begun to significantly litigate this case, Visual Land adequately preserved its improper venue defense. *JPW Indus., Inc. v. Olympia Tools Int'l, Inc.*, No. 16-cv-3153-JPM-bdh, slip. op., Doc. No. 56, at *3–4 (M.D. Tenn. Jul. 19, 2017) (finding that defendant sufficiently preserved its improper venue defense even though it did not list improper venue as an affirmative defense in its first responsive pleading); *See also Phat Fashions, L.L.C. v. ISA Chicago Wholesale, Inc. v. Swisher Int'l, Inc.*, No. 08 C 3461, 2009 WL 971432, at *2–3 (N.D. Ill. Apr. 7, 2009) (finding that general denial that venue was proper in combination with defendant's timely filing of a Rule 12(b)(3) motion was sufficient to

preserve improper venue defense.); *Phat Game Athletic Apparel, Inc.*, No. 00CIV0201, 2001 WL 1041990, at *3 (S.D.N.Y. Sept. 7, 2001) (denial of a plaintiff's allegation of personal jurisdiction in a defendant's answer is sufficient to preserve a personal jurisdiction defense).

Blue Spike does not challenge Visual Land's substantive assertions regarding venue. That is, Blue Spike does not counter Visual Land's assertions that Visual Land 1) does not reside in this judicial District and 2) lacks a regular and established place of business in this District.

Instead, besides its waiver arguments, Blue Spike contends that the Court should deny Visual Land's Motion because dismissing the case would be prejudicial to Blue Spike and a waste of judicial resources. (Doc. No. 37, at 4.) As an initial matter, this case is still in its infancy: a scheduling order was entered just two months ago and no other motion practice has occurred in this case. Thus, judicial resources are not an issue here. More importantly, Blue Spike cites no case law for the proposition that venue may be maintained in a district solely on the basis of prejudice to the plaintiff. As Visual Land notes, "[a]ny minor detriment caused to Blue Spike is the consequence of its own litigation strategy, as filing the suit in the jurisdiction of Visual Land's principal place of business would have avoided any arising issues out of its choice of venue." (Doc. No. 40, at 4.)

For similar reasons, Blue Spike's arguments regarding multi-district litigation are unpersuasive. Any argument that multi-district litigation is "imminent" is entirely speculative. Contrary to Blue Spike's arguments, a waste of party and judicial resources would occur if the Court were to effectively sit and wait while Blue Spike's multi-district litigation request is pending.

Accordingly, because Visual Land did not waive its venue defense and its assertions on the merits are undisputed, Visual Land, Inc.'s Motion to Dismiss for Improper Venue (Doc. No. 34) is **GRANTED**.

**So ORDERED and SIGNED this 26th day of July, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE